IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01609-PAB

WENDY J. HOFFMAN,

    Plaintiff,

v.

ROBIN BARNES MCCARTHY,

    Defendant.

## ORDER OF REMAND

This matter is before the Court *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Defendant claims that the Court has jurisdiction over the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Docket No. 1 at 3, ¶ 12. The Court finds that the notice of removal is deficient regarding the amount in controversy and, therefore, will remand.

Section 1332(a) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir.

2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendant contends that the amount in controversy exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, the complaint does not include a sum certain damages request. Rather, it seeks actual damages, special damages, interest, and costs and attorney's fees. *See* Docket No. 2 at 4-5. The Court therefore must look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy. *See Laughlin*, 50 F.3d at 873. When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

In the notice of removal, defendant does not provide any basis upon which the Court could determine the amount in controversy. Defendant notes that plaintiff seeks special damages for defamation and injunctive relief, but does not suggest what monetary value the Court should attach to plaintiff's request. *See Nagim v. Abraham*,

No. 11-cv-00731-REB-MEH, 2011 WL 1930399, at *2 (D. Colo. Apr. 5, 2011) ("Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief . . . Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount."). Defendant also notes that plaintiff seeks attorney's fees, but does not provide any estimate of what those fees might ultimately be. *See Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) ("[T]he mere fact that attorney's fees might be awarded to the Plaintiffs does not establish that the fees claimed (or found to have been reasonably incurred) would exceed $75,000."). In short, defendant presents no affidavits, admissions, interrogatory responses, or other sources of information to provide a factual basis suggesting that the amount in controversy requirement is satisfied. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (discussing documentation that may be proffered to demonstrate the amount in controversy). Thus, defendant fails to meet her burden of proving facts supporting removal pursuant to 28 U.S.C. § 1332(a). Therefore it is,

**ORDERED** that this case is **REMANDED** to the District Court for Mesa County, Colorado, where it was originally filed as Civil Action No. 2012 CV 4212.

DATED June 27, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge